# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0774V
Filed: October 10, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MELISSA JONES, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Tedford McFadden, RawlsMcNelis, PC, Norfolk, VA, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

Before the undersigned is petitioner's June 2, 2017 motion for attorneys' fees and costs. Pet'r's Mot. (ECF No. 42). In her motion, petitioner requests attorneys' fees in the amount of $57,493.90, attorneys' costs in the amount of $964.81, for a total amount of $58,458.71. *Id.* at 8. For the reasons discussed below, the undersigned reduces this amount and awards **$45,995.12** in attorneys' fees and **$964.81** in attorneys' costs for a total of **$46,959.93** in attorneys' fees and costs.

### I.   Background

On July 23, 2015, Melissa Jones ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from severe anaphylaxis,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

hypotension, and acute cholecystitis which required a cholecystectomy as a result of an influenza ("flu") vaccine she received on November 2, 2012.  On December 6, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation.  (ECF No. 36).

On June 2, 2017, petitioner filed a motion for attorneys' fees and costs.  Pet'r's Mot. (ECF No. 42).  In compliance with General Order #9, petitioner has filed a signed statement indicating she did not incur any out-of-pocket expenses.

Petitioner seeks attorneys' fees in the amount of $57,493.90 which reflects the following hourly rates:

1) $311 for work performed in 2011 by Dr. Rodriguez;
2) $323 for work performed in 2012 by Dr. Rodriguez;
3) $335 for work performed in 2012 by Dr. Rodriguez;
4) $348 for work performed in 2014 by Dr. Rodriguez;
5) $361 for work performed in 2015 by Dr. Rodriguez;
6) $375 for work performed in 2016 by Dr. Rodriguez;
7) $321 for work performed in 2014 by Elizabeth Muldowney;
8) $333 for work performed in 2015 by Elizabeth Muldowney;
9) $337 for work performed in 2014 by Joseph McFadden, Jr.;
10) $350 for work performed in 2015 by Joseph McFadden, Jr.;
11) $363 for work performed in 2016 by Joseph McFadden, Jr.;
12) $131 for paralegal work performed in 2014;
13) $135 for paralegal work performed in 2015;
14) $140 for paralegal work performed in 2016; and
15) $145 for paralegal work performed in 2017.

Pet'r's Mot. at 4; Exhibit 16 (billing records).

Petitioner additionally requests attorneys' costs in the amount of $964.81, for a total amount of $58,458.71.  Pet'r's Mot. at 8.

On June 5, 2017, respondent filed a response to petitioner's motion.  Resp. (ECF No. 43).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master

---

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.  Petitioner did not file a reply.

Petitioner's motion for attorney's fees and costs is now ripe for adjudication.

**I.   Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; he is therefore entitled to an award of reasonable attorneys' fees and costs.[3]

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06–559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed.  *Rodriguez*, 2009 WL 2568468, at *8.  Block

---

[3] In addition, § 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 of this title which is in addition to any amount awarded as compensation by the special master or court under paragraph (1)."  This would include any amounts requested by counsel that the undersigned finds non-compensable.

3

billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  *See, e.g.*, *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).

In determining a reasonable number of hours expended, a line-by-line evaluation of the fee application is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests .... [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

      a.  Reasonable Hourly Rates

Consistent with other special masters, the undersigned finds that a reasonable hourly rate for Mr. McFadden's work is $337.00 per hour in 2014, $350.00 per hour in 2015, and $363.00 per hour in 2016.  *See Eberhart v. Sec'y of Health & Human Servs.*, No. 16-169V, 2016 WL 1718798, at *7 (Fed. Cl. Spec. Mstr. July 13, 2017).  These rates are within the ranges set forth in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 which can be found on the court's website.[4]

The undersigned has previously awarded attorneys' fees based upon the same hourly rates requested in this case for work performed by Dr. Rodriguez and at least one of the paralegals in this case in 2014-2016.  *See Zdroik v. Sec'y of Health & Human Servs.*, No. 15-468V, 2017 WL 767852 (Fed. Cl. Spec. Mstr. Feb. 3, 2017).  These rates are also within the ranges set forth in the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016.  The undersigned also finds the hourly rate of $311 for work performed in 2011 and $323 for work performed in 2012 by Dr. Rodriguez to be reasonable. The hourly rates requested for work performed by paralegals in 2014-2017 is also reasonable.

      b.  Reduction of Billable Hours

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the

---

[4] http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on September 28, 2017).

4

inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. The undersigned similarly reduces the fee request in this case, finding many billing entries excessive and duplicative.

Nearly two-thirds of the 219.9 hours billed by petitioner's counsel is for work completed in the three years prior to the filing of Ms. Jones's petition. In that time, petitioner's counsel billed roughly 70 hours of work by three paralegals and two partners for requesting, receiving, reviewing, and summarizing medical records. *See* Exhibit 16, *passim*. Mr. McFadden's billing accounted for approximately 40 of those hours spent reviewing records in addition to the work performed by paralegals to review medical records and produce a medical summary. *Id.* In the two months following the filing of Ms. Jones' petition, Mr. McFadden billed nearly ten more hours of record review. *Id. a*t 21-22. The undersigned finds the hours billed for reviewing medical records to be duplicative and excessive.

Likewise, the petition was drafted, edited, and reviewed in a process involving two partner level attorneys and three paralegals. Petitioner's counsel billed over 40 hours for the preparation and filing of her six page petition and roughly ten pages of affidavits. Over 18 of these hours were billed by two partners for drafting, editing, and finalizing the petition and affidavits. *See e.g.* Exhibit 16 at 18-19. The undersigned finds the hours billed for these tasks to be duplicative and excessive.

Before her November 2, 2012 vaccination, petitioner contacted the firm in September 2011, and the fees from that consultation are included in petitioner's application here. Exhibit 16 at 2. Petitioner's request for attorneys' fees from before the date of her vaccination will not be awarded.[5]

Billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Petitioner's billing records reflect numerous entries for tasks that are clerical in nature including taking phone messages, creating hard copy files, and establishing paperwork for Ms. Jones as an incoming client. *See e.g.* Exhibit 16 at 8-10.

For all of these reasons, the undersigned reduces petitioner's entire fee award by 20 percent. *See Ericzon*, 2016 WL 447770 (reducing fee award by 10 percent); *Barry*, 2016 WL 6835542 (reducing fee award by 10 percent); *Raymo*, 2016 WL 7212323 (reducing fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016); *see*

---

[5] The undersigned finds it curious that billing from before petitioner's vaccination would be included in her attorneys' fees application. To the extent that petitioner's counsel may have been pursuing other claims on her behalf, that work cannot be compensated here.

*also Wasson*, 24 Cl. Ct. at 484 (a line-by-line evaluation is not required in determining a reasonable number of hours expended), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  **This adjustment results in a reduction of $11,498.78.**

      c.  Costs

Petitioner requests reimbursement for attorney costs in the amount of **$964.81**. The undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

## II.  <u>Conclusion</u>

**Accordingly, the undersigned awards a lump sum of $46,959.93, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Joseph T.  McFadden, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.